### HANCOCK *v.* LYON.

By the words "money on hand" and "money remaining at my decease," the reasonable inference is that a testator intended money in actual control and possession and available for immediate use; not money invested, or deposited at interest in a savings-bank at a distance, and from which it could be drawn only at certain times and under certain conditions prescribed by the rules of the bank.

BILL IN EQUITY, for the construction of a will and the recovery of a legacy. Facts found by the court. August 14, 1879, Harriet Lyon, then of Franklin, N. H., and being there, made and executed her will as follows:

1. She gives and bequeaths to Edward Lyon one dollar.

2. She gives and devises all her real estate in Franklin to John Lyon, in fee forever.

3. "I give and bequeath unto the said John Lyon all my personal estate, of every kind and description, aside from what money I may have on hand at the time of my decease.

4. "What money may be remaining at my decease I give and devise in equal shares to the said John Lyon and to Mary Hancock, of Franklin aforesaid, wife of Frank N. Hancock."

5. She makes John Lyon executor of the will.

The will was executed August 14, 1879, in Franklin, where the testatrix then lived with her son John Lyon. She went to California in October of the same year, and lived there with her son Edward, till her death in 1889. At the time she made her will, and before going to California, she drew from one savings-bank what money she had there, being from $600 to $800, and took the same with her. She at the same time had in the Suffolk Savings Bank, at Boston, about $600, which remained there until after her death, when, with accumulations of interest, it amounted to $889.58; and that sum has since been drawn by the executor and is in his hands. By the by-laws of the Suffolk Savings Bank, it is provided that "No money can be drawn except on the third Wednesday of January, April, July, and October (one week's previous notice having been given to the treasurer), provided, how-

ever, that the treasurer may pay any depositor who applies on any other day for the amount to his credit or part thereof." The plaintiff claims one half this sum, $889.58, under the fourth clause in the will. The defendant denies this claim.

*Burnham, Brown & Warren,* for the plaintiff.

*Frank N. Parsons,* for the defendant.

CLARK, J. It is held, in *Jenkins* v. *Fowler,* 63 N. H. 244, that the phrase "all my moneys" covered deposits in savings-banks and railroad stock not specifically devised. This interpretation was based upon the evidence of the testator's intention as ascertained from the will, the fact that it contained no residuary clause, and that the deposits and stock were not disposed of by the testator unless they passed under the term "money," and the fact that the remainder of the estate was not sufficient to satisfy the other bequests of the will. Under these circumstances it was considered that the testator used the word "moneys" in a broader sense than its ordinary signification. In its ordinary and popular sense, "money" signifies cash or its equivalent used as a circulating medium. It does not include choses in action, or money loaned or deposited as an investment, or due on notes, bonds, and mortgages. It may properly include money deposited in a bank to be checked out by the owner at his pleasure, and used and treated as cash placed there for safe keeping. *Mann* v. *Mann,* 14 Johns. 1.

It is apparent that the testatrix used the phrases "what money I may have on hand" and "what money may be remaining at my decease" as embracing the same subject-matter, and there is nothing indicating that she used the word "money" in any sense different from the ordinary acceptation. The reasonable inference is that she meant, by "money on hand" and "money remaining at my decease," money in her actual possession and control and available for immediate use,—not money invested or deposited at interest in a savings-bank at a distance, and from which it could be drawn only at certain times and under certain conditions prescribed by the rules of the bank. The general provisions of the will, in connection with the situation of the testatrix and her property, indicate a purpose that the defendant should receive the bulk of her estate; and the defendant is entitled to the savings-bank deposit.

*Appeal dismissed and decree of probate court affirmed.*

ALLEN, J., did not sit: the others concurred.